IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS ARMANDO SALDANA,  No. C-12-6026 TEH (PR)

    Petitioner,

    v.  ORDER TO DISMISSAL

RANDY GROUNDS, Warden,

    Respondent.
_____/

    Petitioner, a state prisoner incarcerated at California Training Facility in Soledad, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Contra Costa County Superior Court. Doc. #1. He has paid the $5.00 filing fee.

I

    In 2009, Petitioner was convicted by jury in Contra Costa County Superior Court of forcible rape and other sexual crimes. In 2010, the California Court of Appeal affirmed the judgment and the California Supreme Court denied review. The instant federal petition for a writ of habeas corpus followed. Doc. #1.

II

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of

a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief on two claims: (1) ineffective assistance of appellate counsel and (2) ineffective assistance of trial counsel. Doc. #1 at 6. However, Petitioner indicates that his state habeas petition for a writ of habeas corpus, in which he first asserts his claim of ineffective assistance of appellate counsel, is still pending in the Contra Costa Superior Court. Doc. #1 at 3, 4.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed. Brown v. Maass, 11 F3d 914, 915 (9th Cir. 1993).

The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally

2

determined by the highest available state court in another context. <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground mooting the federal case. <u>Id.</u>; <u>see also</u> <u>Schnepp v. State of Oregon</u>, 333 F.2d 288, 288 (9th Cir. 1964) (affirming dismissal of petition because there were post-conviction proceedings pending in state court); <u>Alls v. Curry</u>, 2008 WL 4183430, *1-2 (N.D. Cal.) (dismissing petition without prejudice due to pending state habeas petition).

Therefore, this petition must be dismissed without prejudice to refiling when no further proceedings are pending in the California state courts.

IT IS SO ORDERED.

DATED  *12/10/2012*

**THELTON E. HENDERSON**
United States District Judge

G:\PRO-SE\TEH\HC.12\Saldana 12-6026 HC-Dis.wpd